Young vs. Jackson.

No. 9388.

WADE R. YOUNG VS. MARIA J. JACKSON.

Damages for slander cannot be awarded when the only evidence of the alleged slander is vague rumors, the origin of which is not traced to the defendant, and she denies ever having uttered the slanderous words.

In the absence of express or implied agreement, an agent is not authorized to *retain* out of the funds of his principal in his hands any amount which may be due him, *unless* the same be for necessary disbursements, expenses and costs, a stipulated commission or a liquidated debt. The law forbids a mandatory from offsetting, except in such cases. R. C. C. 3022-5.

APPEAL from the Tenth District Court, Parish of Tensas. *Reeves*, J. *ad hoc.*

*Wade R. Young*, Plaintiff and Appellee, *propria persona.* ·

*Percy Roberts* and *Steele & Garrett* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. This action is described by the plaintiff as a suit "for a settlement of accounts and cumulated therewith an action in damages for breach of contract and for slander and defamation of character."

The plaintiff is a lawyer practising in the courts of Tensas. The defendant owns with her children a plantation in that parish and lives in Adams county, Mississippi. She employed the plaintiff in 1878 to take charge of the succession of her deceased husband which she was then administering. The property consisted of a plantation and the usual movables. He was not only to attend to her legal business, but to be her agent and general business-man besides, to secure a factor for her who would supply the plantation, to lease the plantation and collect the rents, in other words to be her factotum as country lawyers usually are for impecunious clients who own plantations and who do not own anything else.

The property had already been mortgaged and was under a lease for three years, but the tenant had not paid the rent for the first year and had made partial default on the rent of the second. Suits were promptly instituted and prosecuted successfully and near ten thousand dollars realized.

Then followed overhauling the succession matters and preparing the accounts, and other leases of the plantation or arrangement with the negro labourers for its cultivation, and finally the great overflow of 1882. Throughout this time down to the spring of 1883 the plaintiff continued rendering his services as lawyer, accountant, land-steward,

agent, business-man, and when he was discharged, the property was out of debt and was yielding a satisfactory rental. For his services during these five and a half years charges were made which are contested. The sums realized by his administration of the business, including the rental for 1883 which he had already arranged, amount to over thirty thousand dollars.

The jury rendered a verdict for the plaintiff for one thousand dollars as damages for the alleged slander, and in the matter of accounts adjusted them by giving to each certain items enumerated in the verdict.

If the plaintiff had been slandered by the defendant as alleged we should not hesitate to affirm the judgment upon that branch of the case, but no evidence was introduced sustaining that charge save the existence of vague rumors floating in the community not traced to her, and she as a witness emphatically denies that she ever used the opprobrious language attributed to her.

Upon the other branch of the case we are not disposed to disturb the adjustment made by the jury, composed as the plaintiff says "of the most intelligent men of the parish who sat patiently throughout the trial for near a week." The largest items and the most objectionable were included in an account made by the plaintiff and rendered the defendant, and were not objected to by her. Her silence then closes her mouth now.

It is therefore ordered and decreed that the item of one thousand dollars damages for slander be eliminated from the verdict of the jury and the judgment of the lower court, and as thus amended that it be affirmed, the plaintiff paying the costs of appeal.

## ON REHEARING.

BERMUDEZ, C. J Both parties having applied for a rehearing, we re-examined their differences and came to the conclusion that, although the plaintiff had received at our hands what he was entitled to recover, the defendant had apparently valid grounds of complaint, to which full justice had not been done.

We refused the rehearing sought by plaintiff, allowing one to the defendant, but only on the right of plaintiff to charge for services as agent in the years 1882 and 1883.

The defendant urges that the plaintiff is not founded in his demand, because he agreed to make the contracts with the hands of defendant for 1882 and charge nothing whatever for the services.

The evidence shows that the administration of the plantation had been entrusted to S. N. Jones, a competent and remunerated superin-

tendent, and that no service was actually rendered by the plaintiff, not even that of procuring a factor, none being necessary, as this had already been done.

It appears that in the account which plaintiff tendered on April 7, 1883, in which every *item* to which he thought himself entitled had been minutely detailed and placed, he did not charge for his services for 1882.

This omission implies the admission that, in his own estimation, he had acted gratuitously during that year.

This conclusion is fortified by his letter of May 19, 1883, in which plaintiff, referring to his claim for labor and responsibility, states that the payment of the same is left *entirely to defendant's generosity* and that *it is not an object to him.*

The defendant further urges that the plaintiff cannot be listened to ask compensation for 1883, for the double reason that not only did he not render any service, but also that he was discharged for cause by her before one third of the year had gone by; the cause being that he had charged her with a disbursement of $625 55 of her own money in his hands for taxes of 1882 on the plantation, when the fact is, that the deducted sum had never been thus applied, and that the defendant had herself subsequently to pay those identical taxes.

It is unnecessary to determine whether the plaintiff was or not discharged for *cause.* It is clear that if he is not entitled to remuneration for 1882, he cannot, for the same reasons, claim any for 1883.

The record shows that the plaintiff has retained, as his compensation, the sum of one thousand dollars to meet his services for those two years.

He was without authority to retain that sum, in the absence of express or implied agreement, as it did not represent disbursements, expenses and costs, a stipulated commission or a liquidated debt.

The law forbids absolutely an offset by an agent, unless in such cases. R. C. C. 3022, 3023, 3024, 3025.

Our previous judgment allowed the plaintiff $1189 23, and should be reduced by the one thousand dollars illegally retained by him.

It is therefore ordered and adjudged that our previous judgment be amended by allowing plaintiff to recover of defendant one hundred and eighty nine dollars and twenty-three cents only, ($189 23) with costs of the lower court, those of appeal to be paid by him, and that thus amended it remain undisturbed.